I. J. ADELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4666.   Promulgated May 26, 1927.

> The petitioner and his wife were not partners during the years involved and the income-tax returns of the petitioner for those years in which he claimed that his wife was a partner were false and fraudulent.

*Perry W. Shrader, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1919, 1920, and 1921, in the amounts of $540.37, $696.06, and $273.12, respectively.  The question involved is whether the petitioner and his wife, Anna Adelson, were partners during the taxable years involved.

The issue raised by the pleadings as to the deductibility of an alleged loss was withdrawn by the petitioner at the hearing.  At the hearing, after all the evidence had been introduced, the respondent asserted the fraud penalty.

### FINDINGS OF FACT.

The petitioner is an individual residing in Kansas City, Mo.  In the latter part of 1913 or the early part of 1914, he started in the jewelry business, opening a store under the name of Adams Jewelry Co.  For some time prior thereto, the petitioner's wife, Anna Adelson, together with another person had operated a restaurant in Kansas City, and prior to the opening of the Adams Jewelry Co. store the restaurant had been destroyed by fire and the petitioner's wife had received 50 per cent of the insurance money, which was between $800 and $1,000.  She turned over this money to the petitioner.  The petitioner had approximately $600 of his own money.  He took his wife's and his own money and purchased a stock of goods when the Adams jewelry store was opened.  The petitioner's wife helped the petitioner in the store.

In 1917 the petitioner started another store under the name of the Bennett Jewelry Co.  The second store was operated by a partnership composed of Nathan and Albert Levenson and the petitioner.  Albert Levenson had a 20 per cent interest, Nathan Levenson had a 30 per cent interest, while the petitioner had a 50 per cent interest.  In 1919 a third store was opened which was operated as a partnership, under the name of Adelson, Chambers Jewelry Co.  The petitioner and J. L. Chambers were partners.

The petitioner conducted the Adams Jewelry Co. store as if it were operated by him as an individual. He stated in the financial reports to the banks and signed affidavits that he was the sole proprietor of that store.

There was no agreement either oral or written between the petitioner and his wife in any of these businesses that the petitioner's wife was a partner therein.

The income-tax returns for 1919, 1920, and 1921, in which the petitioner claimed that his wife was a partner with him in the Adams Jewelry Co., the Bennett Jewelry Co., and the Adelson Chambers Co. were false and fraudulent.

### OPINION.

TRAMMELL: The only question involved in this proceeding is whether the petitioner and his wife were partners in the Adams Jewelry Co., the Bennett Jewelry Co., and the Adelson Chambers Co., during the years involved.

There is testimony to the effect that the petitioner's wife let the petitioner have from $800 to $1,000 of her own funds when he started the Adams Jewelry Co. We are not convinced, however, that a partnership existed in that store or in either of the other stores. There is evidence that Mrs. Adelson went to the various stores and devoted some of her time there, but the partners of the petitioner in the Bennett Jewelry Co. and the Adelson Chambers Co. did not consider that they had entered into any agreement with Mrs. Adelson with respect to a partnership. Jess Chambers, one of the partners in the Adelson Chambers Co. was asked:

Q. What interest did you have in the business?
A. A half interest.
Q. Who owned the other half interest?
A. Mr. Adelson.
Q. Was anything ever said to you about Mrs. Adelson being a partner in the business?
A. There was never any mention made of it. I took it for granted she was interested with him in the business.
Q. Why did you take it for granted?
A. On the conduct of Mrs. Adelson in our store.
Q. Just explain that to the Court, please.
A. She would occupy a good deal of time there and she would always be delving into the affairs of the business, financial part of it, and I always had little combats with her regarding my method of operation and her method of operation, and I was always left to presume that she had interest in it through her conduct.

He testified on cross examination as follows:

Q. From the time you formed this partnership you and Mr. Adelson talked over the situation and arranged the business, didn't you?
A. Yes.

Q. And all that you know about your sister having any interest in it was just from her actions thereafter, is that all you know about it?

A. No, immediately on our conversation, upon our becoming partners, it was talked over in Mr. Adelson's home when they lived on Newman Boulevard; she was called into the conversation, and I never had any idea she was putting any money in the business. Of course, at that time, if I had thought she was, I would have made some definite arrangement * * *.

He also testified as follows:

Q. Did you ever have any memorandum of partnership written?
A. No.
Q. Who signed the lease?
A. Mr. Adelson and myself.
Q. Signed it as individuals or partners?
A. I imagine as a partnership.

Albert H. Levenson, a member of the partnership of the Bennett Jewelry Co., testified that Mrs. Adelson was interested in that store " because she'd come in and look around the place," and also testified as follows:

My impression was she used to come into the store there and she would walk around, and if she saw we were busy she asked no questions, but would get behind the counter, and lots of times I asked her advice on the business and she handled cash, and Mrs. Adelson was in quite a few times and talked over the different ways in running the stock, and that is what made me think that Mrs. Adelson had an actual interest in the business.

The witness knew nothing of any partnership agreement in which Mrs. Adelson was a partner. The partnership agreement in which he was a partner was made with Adelson.

The petitioner filed an affidavit with the Bureau of Internal Revenue in which he stated that the Adams Jewelry Co. store was a sole proprietorship. He made statements to the banks and to the commercial agencies that he was the sole owner of that store and held himself out to the public as being the sole owner thereof.

With respect to the partnerships, the Adelson Chambers Co. and the Bennett Jewelry Co., in which the petitioner was a partner with others, it seems that if the petitioner's wife had in fact been a member of these partnerships the other members thereof would have known the fact.

A partnership can not be formed except by agreement between the parties, yet Levenson and Chambers testified that the only reason that they considered Mrs. Adelson a partner was from the manner in which she came in the stores and conducted herself. From this conduct they testified that they considered that she was interested in her husband's interest in the partnership, not that they had entered into a partnership with her. Chambers testified that if he had known that Mrs. Adelson (his sister) was putting any money into the business in which he was going into partnership with Adelson,

he would have made some definite arrangement. In other words, it appears from his testimony that he did not know that Mrs. Adelson was to be a partner, and that if she was to be one, the arrangements would have been different so far as he was concerned.

When the returns of the Adams Jewelry Co. store were filed for 1919, 1920, and 1921, it appears that they were filed as partnership returns on the advice of an attorney, although it appears that for years prior thereto the thought did not occur to Adelson to file partnership returns for that store.

Th respondent, after the testimony was all in, asserted the fraud penalty under section 274 (e) of the Revenue Act of 1926. See *Appeal of Fred Ascher*, 2 B. T. A. 1257.

Upon consideration of all of the testimony, we are convinced that the petitioner's wife was not in fact a partner with him in any of the business enterprises herein set out, and that the returns in which he claimed that a portion of the income from these businesses belonged to his wife as a partner were false and fraudulent.

The fraud penalties should, therefore, be imposed for the years involved.

> *Judgment will be entered for the respondent on 15 days' notice, under Rule 50.*